## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **DANIEL HAMM,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:12-04521** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On August 20, 2012, Petitioner, acting *pro se* and incarcerated at FCI Beckley, Beaver, West Virginia, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) On the same day, the Clerk of the Court sent Petitioner a "Notice to Petitioner of Failure to Remit Filing Fee." (Document No. 2.) Petitioner, however, failed to Response to the Notice. By Order entered on October 11, 2013, the undersigned ordered that the Clerk send Petitioner a copy of a form Application to Proceed *in Forma Pauperis* and that Petitioner pay the $5.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2) within twenty (20) days from the date of the Order. (Document No. 4.)

On October 18, 2013, Petitioner filed a "Motion to Request Withdrawal of Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241." (Document No. 5.) In support, Petitioner states that he filed his Section 2241 Petition prematurely. (Id., p. 1.) Petitioner contends that "[s]ince Petitioner had filed his § 2241 application prematurely, he decided not to file the application to

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

proceed in Forma Pauperis or pay the filing fee of $5.00, as it was his understanding that by not doing so would mandate that the Court would 'dismiss the Application for Writ of Habeas Corpus without prejudice." (Id., pp. 1 - 2.) Petitioner states that he "was unaware that the Application for Writ of Habeas Corpus was still pending." (Id., p. 2.) Accordingly, Petitioner requests that the Court enter an order "granting his request to withdraw his application for writ of habeas corpus or, in the alternative, dismiss the application without prejudice, and to grant any and all other relief deemed appropriate." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should

2

consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Section 2241 Application nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's "Motion to Request Withdrawal of Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Document No. 5.), **DISMISS** Petitioner's Section 2241 Application (Document No. 1.) without prejudice and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner, who is acting *pro se*.

Date: October 21, 2013.

R. Clarke VanDervort
United States Magistrate Judge